**Electronically Filed**
**Intermediate Court of Appeals**
**29237**
**04-MAY-2011**
**09:46 AM**

NO. 29237

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ALFREDO BUENAFE and LUZVIMINDA BUENAFE, Plaintiffs-Appellants,
v.
LEONARDO KIEHM, M.D., JOHN DOES 1-5; JOHN DOE CORPORATIONS 1-5,
JOHN DOE PARTNERSHIPS 1-5; ROE NON-PROFIT ORGANIZATIONS 1-5,
and ROE GOVERNMENTAL AGENCIES 1-5, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 04-1-0233(1))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

This medical malpractice case arises out of a thyroid surgery performed on Plaintiff-Appellant Alfredo Buenafe (Alfredo) by Defendant-Appellee Leonardo Kiehm, M.D. (Kiehm). Alfredo and his wife, Plaintiff-Appellant Luzviminda Buenafe (collectively, the Buenafes), appeal from the June 6, 2008 Judgment filed in the Circuit Court for the Second Circuit (circuit court) in favor of Kiehm.[1]

After submitting a claim to a Medical Claims Conciliation Panel (MCCP), the Buenafes filed a complaint in the circuit court against Kiehm, alleging that Kiehm's negligence caused them harm. Following various motions, including the

_____

[1] The Honorable Joel E. August presided.

circuit court's grant of partial summary judgment to Kiehm precluding a claim based on informed consent, a jury trial was held. A verdict was issued in favor of Kiehm, and the Buenafes filed a timely Notice of Appeal on July 3, 2008.

On appeal, the Buenafes assert four points of error, all of which relate to Defendant Kiehm's alleged failure to obtain informed consent prior to rendering the surgical procedure, a medical tort under Hawaii Revised Statutes (HRS) § 671-1 (1993).[2] The Buenafes contend that the circuit court erred: (1) in granting Defendant Kiehm's motion for partial summary judgment on their "duty to disclose" (i.e., informed consent) claim; (2) in ruling that they could not amend the complaint to include their "duty to disclose" claim; (3) in prohibiting them from presenting evidence at trial regarding the "duty to disclose" claim; and (4) in refusing to instruct the jury on Defendant Kiehm's "duty to disclose."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, as well as the relevant statutory and case law, we resolve the Buenafes' points of error as follows:

(1) The circuit court properly granted partial summary judgment in favor of Defendant Kiehm on the informed consent claim. Under HRS § 671-12(a) (1993):

> any person or the person's representative claiming that a medical tort has been committed shall submit a <u>statement of the claim</u> to the medical claim conciliation panel before <u>a suit based on the claim</u> may be commenced in any court of this State. <u>Claims shall be submitted to the medical claim conciliation panel in writing</u>. The claimant <u>shall set forth facts upon which the claim is based</u> . . . .

---

[2] A medical tort is defined as: "professional negligence, the rendering of professional service without informed consent, or an error or omission in professional practice, by a health care provider, which proximately causes death, injury, or other damage to a patient." HRS § 671-1 (1993).

(emphases added). In addition, "[t]he claimant may institute litigation based upon the claim in an appropriate court only after a party to a medical claim conciliation panel hearing rejects the decision of the panel, or after the twelve-month period under section 671-18 has expired." HRS § 671-16 (2003) (emphasis added). The statutory scheme for medical claim conciliation thus expressly requires a written statement of "the claim" setting forth the "facts upon which the claim is based," which in turn delineates "the claim" for which litigation may be instituted if the requirements of HRS Chapter 671, Part II are met.

The requirements of HRS §§ 671-12 and 671-16 are jurisdictional obligations which must be fulfilled prior to filing suit. See Tobosa v. Owens, 69 Haw. 305, 314-15, 741 P.2d 1280, 1286 (1987) ("The procedures outlined there are jurisdictional prerequisites to suit, and they will be enforced."); see also Lee v. Hawaii Pacific Health, 121 Hawai'i 235, 247, 216 P.3d 1258, 1270 (App. 2009) (affirming a dismissal for lack of jurisdiction where claims were not first brought to the MCCP for review, as the legislature's intent was "to utilize the MCCP as the initial reviewer in the broadest possible range of health-care-related claims."); cf. Garcia v. Kaiser Found. Hosps., 90 Hawai'i 425, 439-41, 978 P.2d 863, 877-79 (1999) (affirming dismissal of claim for lack of subject matter jurisdiction where Plaintiffs filed their complaint before the MCCP filed its written decision).

Dismissal of a medical tort claim is proper where a claimant files suit without first seeking resolution of that claim through an MCCP. See Dubin v. Wazukawa, 89 Hawai'i 188, 198, 970 P.2d 496, 506 (1998) (holding that the circuit court did not err in dismissing plaintiff's first amended complaint where plaintiff "chose to sidestep the requirements of HRS §§ 671-12

3

and 671-16 by filing the present lawsuit, rather than first seeking resolution of his claims by an MCCP, as required by those statutes."); see also Doe v. City and County of Honolulu, 93 Hawai'i 490, 499, 6 P.3d 362, 371 (App. 2000) (concluding that medical torts asserted in the complaint "were required to be submitted to the MCCP before Jane could lawfully file this lawsuit.").

In this case, the circuit court granted partial summary judgment to Kiehm on the informed consent claim on grounds that the court did not have jurisdiction of that claim because the claim was not presented to the MCCP as required by HRS Chapter 671. "We review [a] circuit court's award of summary judgment *de novo* under the same standard applied by the circuit court." Garcia, 90 Hawai'i at 429, 978 P.2d at 867 (citation omitted).

In the Buenafes' pre-hearing statement submitted to the MCCP, the "THEORY OF THE CASE (LIABILITY)" section stated: "The surgical and post surgical treatment rendered by DR. KIEM [sic] on November 2, 2001, fell below the appropriate level of care. This resulted in injury and/or transection of the laryngeal nerve which resulted in permanent voice loss." Moreover, the "DISPUTED FACTS" section stated: "Dr. Kiehm was negligent in performing a right thyroid lobectomy on ALFREDO that caused permanent voice loss. That he also failed to diagnose, evaluate, understand, investigate, or treat subsequent repeated complaints of post-operative difficulty talking, loss of voice, pain and hoarseness." Clearly, the Buenafes' "statement of the claim" to the MCCP contained no reference to an informed consent claim.[3]

---

[3] We further note that "professional negligence," "the rendering of professional service without informed consent," and "an error or omission in professional practice" are set out as separate medical torts. See HRS §§ 671-1 and 671-3.

4

The Buenafes point to the declaration of Lilia Kanae (Kanae), the Buenafes' attorney at the MCCP hearing, and contend that the circuit court erroneously disregarded her declaration as lacking credibility. Kanae's declaration refers to her notes from the MCCP hearing about statements made by Kiehm at the hearing, and she attests that:

> I do not recall if these statements came out on my cross-examination of him, under questioning by a panel member, or direct examination by his attorney, but I do know that my notes enable me to advise that the issue concerning what had been said by [Kiehm] to the patient about the surgery, possibly causing loss of voice, arose at the MCCP.

She further attests that: "No doubt exists in my mind that the issue of informed consent was gone into before the MCCP which evaluated the claim of Mr. Buenafe. To what extent it influenced the panel to find in favor of Mr. Buenafe I cannot state."

Kiehm responds that Kanae's declaration should not be considered because it was presented as part of a motion for reconsideration addressing the Buenafes' motion to amend their complaint, and not properly raised in opposing Kiehm's motion for judgment on the pleadings or for partial summary judgment. Even assuming *arguendo* that Kanae's declaration was properly considered by the circuit court related to Kiehm's motion for judgment on the pleadings or for partial summary judgment, the circuit court was correct that this evidence did not preclude partial summary judgment on the informed consent claim. As a matter of law, not credibility, we conclude that Kanae's declaration does not raise or address any genuine issue of material fact. As discussed above, HRS § 671-12 requires that "the claim" be set forth in a written statement of the claim. Simply that Kiehm may have given testimony about what he told Alfredo, under unclear circumstances at the MCCP hearing, does not raise any genuine issue of material fact as to whether the

5

Buenafes submitted an informed consent claim in writing to the MCCP as required by HRS § 671-12.

Thus, as the requirements of HRS chapter 671 are "jurisdictional," the circuit court was correct in determining that it lacked subject matter jurisdiction over an informed consent claim.

(2) Our holding that the circuit court properly determined it did not have jurisdiction with regard to any informed consent claim, and that the circuit court properly granted partial summary judgment on that claim, necessarily disposes of the remainder of the Buenafes' issues on appeal, all of which stem from the informed consent claim. See Garcia, 90 Hawai'i at 441 n.6, 978 P.2d at 879 n.6 ("Because we hold that the circuit court did not have subject matter jurisdiction with regard to Plaintiffs' claims against Dr. Davenport and HMG as a result of Plaintiffs' failure to comply with the requirements of HRS § 671-12, the points of error raised in the cross-appeals are moot inasmuch as the circuit court's ruling has effectively extinguished Plaintiffs' claims against Dr. Davenport and HMG.").

Accordingly, the Judgment filed on June 6, 2008 in the Circuit Court for the Second Circuit is hereby affirmed.

DATED: Honolulu, Hawai'i, May 4, 2011.


On the briefs:

James Krueger
Cynthia K. Wong
Lance A. Hevizy
for Plaintiffs-Appellants

Dennis E.W. O'Connor
Kelvin H. Kaneshiro
Elmira K.L. Tsang
(O'Connor Playdon & Guben LLP)
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge